IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FREDDIE BUSBY QUIMBY,

        Plaintiff,                             CV-08-1056-ST

     v.                                    OPINION AND ORDER

BANK OF AMERICA and KENNETH D. LEWIS,

        Defendant.

STEWART, Magistrate Judge:

## INTRODUCTION

Plaintiff, Freddie Busby Quimby, appearing *pro se*, filed this action against defendants, Bank of America and Kenneth D. Lewis, alleging various claims arising from an allegedly wrongful accusation of check fraud. This court has diversity jurisdiction under 28 USC § 1332. Defendants now seek leave to amend their answer to allege two counterclaims not alleged in the original answer, one for breach of presentment warranties and another for breach of the account

1 - OPINION AND ORDER

agreement between the parties, and to amend the prayer to seek an award of attorney fees (docket #14).  For the reasons stated below, that motion is granted.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a)(2), after a responsive pleading has been filed, "a party may amend  its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  The rule and relevant case law evince a "strong policy to permit the amending of pleadings."  *Sweaney v. Ada County*, 119 F3d 1385, 1392 (9th Cir 1997) (internal quotes and citations omitted).  Deciding whether to grant leave to amend, the Supreme Court has offered the following factors for the court to consider:

> In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 US 178, 182 (1962).

Of these factors, it is the consideration of prejudice to the opposing party that carries the greatest weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F3d 1048, 1052 (9th Cir 2003).

## DISCUSSION

Defendants filed their initial Answer on November 10, 2008, setting forth a number of affirmative defenses and three counterclaims.  Well before the close of discovery on March 30, 2009, defendants now seek to file an Amended Answer in order to add two new counterclaims concerning the account agreement at issue and a prayer for attorney fees.

Defendants have admitted many of the material facts concerning the account agreement in their initial Answer.  The proposed new counterclaim for breach of presentment warranties under ORS 73.0417 is similar to the previously alleged counterclaim for breach of transfer warranty under ORS 73.0416.  The two statutes simply deal with slightly different transactions, namely the presentment of a check and a transfer of a check respectively.  Both focus on the same transaction at issue between the parties and are based on the same facts.  The other proposed new counterclaim alleges a breach of the account agreement.  Again it is based on the same underlying transaction and facts.  There is no indication that the proposed amendment is sought in bad faith or that the theories underlying the two additional counterclaims would be futile.

According to defendants, the parties have not completed discovery, and neither of the new proposed counterclaims will affect the scope of that discovery.  Therefore, the amendment will not delay the completion of discovery, complicate this case, or otherwise prejudice plaintiff.  Plaintiff does not argue or offer any evidence to support any of the relevant factors to justify denying the proposed amendment.

## **ORDER**

For the reasons stated above, defendants' Motion to Allow Filing of Amended Answer (docket #14) is GRANTED.  Filing of the Amended Answer is due within 10 days.

DATED this 9th day of March, 2009.

                                              s/ Janice M. Stewart_____
                                              Janice M. Stewart
                                              United States Magistrate Judge