UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FREDDIE BUSBY QUIMBY,

    Plaintiff,

  v.                                      Civil No. 08-1056-ST

BANK OF AMERICA and KENNETH D.     ORDER
LEWIS,

    Defendants.

HAGGERTY, District Judge:

    Magistrate Judge Stewart referred to this court a Findings and Recommendation [47] in this matter. The Magistrate Judge recommends that defendants Bank of America and Kenneth Lewis's Motion for Summary Judgment [24] be granted in part and denied in part, and that judgment be entered in favor of Bank of America for its loss. Subsequently, the case was referred to this court.

-1- ORDER

While this court does not believe that objections were filed, a document entitled Plaintiff's Objection to Decision to Delete the Constitution Rights Violation Being Removed [46] was filed ten days prior to the issuance of Judge Stewart's Findings and Recommendation. The Ninth Circuit upholds a "policy of liberal construction in favor of *pro se* litigants." *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998). Because plaintiff is proceeding *pro se*, this court construes his filing as an objection to the Findings and Recommendation and will review the issue *de novo*.

This court assumes that plaintiff objects to the Magistrate Judge's grant of summary judgment in favor of defendant on plaintiff's claims of constitutional violations. Plaintiff alleged that defendant violated his "constitutional right to commerce." Compl. at 4-5. Judge Stewart construed the Complaint to allege a violation of 42 U.S.C. § 1983. Section 1983 confers "'rights privileges, or immunities,' . . . allowing individuals injured to 'sue and obtain injunctive and declaratory relief.'" Findings and Recommendation at 9 (citing *Dennis v. Higgins,* 498 U.S. 739, 446-447 (1991); *Skokomish Indian Tribe v. United States*, 410 F.3d 506, 529 (9th Cir. 2005)). Judge Stewart explained that § 1983 only regulates state action and there exists a presumption that "private conduct does not constitute government action." *Id.* (citing *Sutton v. Providence St. Joseph Med. Ctr*, 192 F.3d 826, 835 (9th Cir. 1999)). The Magistrate Judge concluded that plaintiff presented no facts to allege that Bank of America was acting under the color of state law. *Id.*

Plaintiff contends that because the federal government regulates, insures, and invests in Bank of America, the company is subject to 42 U.S.C. § 1983. However, the Supreme Court has decided that a private agency's actions are not state actions even if the agency is a recipient

of public funds and is heavily regulated by the state. *Rendell-Baker v. Kohn,* 457 U.S. 830, 840-41 (1982)*. See also Am. Mfg. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40 (1999). Furthermore, courts have decided that banks do not presumptively act under the color of state law. *See, e.g., Hoskins v. TCF Nat'l Bank*, No. 06-4261, 2007 WL 2752348, at *1 (7th Cir. Sept. 20, 2007) ("[Plaintiff] cannot proceed with his federal claim under § 1983 because his allegations against the bank describe purely private business activities. The bank is not a state actor."); *Potts v. Crosby Indep. Sch. Dist.*, No. 05-20615, 2006 WL 2985939 (5th Cir. Oct. 18, 2006) (pro se plaintiff's § 1983 claim against bank dismissed as conclusory because, even liberally construed, the bank was not a state actor and did not act under color of state law); *Bailey v. Harleysville Nat'l Bank & Trust*, No. 05-4352, 2006 WL 2009329, at *2 (3d Cir. July 18, 2006) ("[B]anks have been found not to be state actors, despite extensive regulation, even when their complained-of actions have been explicitly authorized by the state.") Therefore, Bank of America did not act "under the color of state law" and is not subject to the regulations of 42 U.S.C. § 1983.

Plaintiff did not file objections to the portions of the Findings and Recommendation concluding that summary judgment is proper for the remainder of plaintiff's claims or the recommendation that plaintiff reimburse defendant for its loss. As such, the court need only satisfy itself that there is no clear error on the face of the record with respect to these portions of the Findings and Recommendation. *Campbell v. United States Dist. Ct.*, 501 F.2d 196 (9th Cir. 1974).

The court is satisfied that no clear error appears on the face of the record with respect to these portions of the Findings and Recommendation. This court adopts the Findings and

Recommendation in its entirety.

**CONCLUSION**

For the foregoing reasons, the court adopts the Findings and Recommendation [47]. Defendant Bank of America's Motion for Summary Judgment [24] is GRANTED IN PART and DENIED IN PART. Judgment is entered in favor of Bank of America requiring plaintiff to pay the amount of $117,542.11, together with interest thereon at the legal rate from April 21, 2008.

IT IS SO ORDERED.

DATED this  15  day of October, 2009.


                                          /s/ Ancer L. Haggerty
                                          Ancer L. Haggerty
                                          United States District Judge